# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LAMAR TYREE MONROE,

    Petitioner,

v.      Case No. 3:21-cv-683-TJC-SJH

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Before the Court is Petitioner's motions for reconsideration (Docs. 26, 27). In both motions, Petitioner asks the Court to reconsider its Order denying his Amended Petition with prejudice and denying a certificate of appealability (Doc. 23). As grounds, he repeats the facts and arguments he made in his Amended Petition regarding his attorney's decision not to call his alibi witnesses to testify at trial after "promising" the jury such witnesses would be called.

Neither motion includes a memorandum of law that explains the legal basis for the request. However, given the titles and timing of the motions, the Court construes them as requests for relief under Federal Rule of Civil Procedure 59(e), which permits a party to file a "motion to alter or amend a

judgment . . . [within] 28 days after the entry of the judgment."[1] Rule 59(e) affords a court discretion to reconsider an order it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citation omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).

The purpose of Rule 59 is not to ask a court to reexamine an unfavorable ruling with no manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also O'Neal, 958 F.2d

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). "[I]t is widely recognized," however, that Rule 59(e), which governs motions to alter or amend a judgment, "encompasses motions for reconsideration." Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

at 1047.

Petitioner asks the Court to reexamine an unfavorable ruling with no manifest error of law or fact, merely reiterating facts and argument the Court already considered. Accordingly, Petitioner's motions for reconsideration (Docs. 26, 27) are **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-6
c:
Lamar Tyree Monroe
Counsel of Record

3